UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| LENARD HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV410-215 MC410-021 |
| AL ST. LAWRENCE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In *Harris v. St. Lawrence*, CV410-047, the Court concluded that, in light of Lenard Harris's *repeated* frivolous 42 U.S.C. § 1983 filings,[1] he was now enjoined from filing any more *in forma pauperis* motions (and civil cases premised on them) in this Court. CV410-047 doc. 3 (Report and Recommendation (R&R)); doc. 6 (Order adopting R&R); doc. 7 (judgment). In "same stuff, different day" fashion, Harris has filed essentially an attempted end-run around the injunction by misusing a 28

---

[1] Whenever the state prosecutes him for failing to pay child support he reflexively files a "take that!" lawsuit here. Others have resorted to federal court to fight state court child support orders -- also unsuccessfully. *See, e.g., Redford v. Gwinnett County Judicial Circuit*, 350 F.App'x. 341, 343 (11th Cir. 2009); *Danzy v. State of Alabama, Dept. of Human Resources*, 2010 WL 1994902 at * 1 (S.D. Ala. Apr 27, 2010).

U.S.C. § 2254 petition -- along with his customary motion for leave to file it *in forma pauperis* (IFP). CV410-215, docs. 1, 2.[2]

Unsurprisingly, Harris is not in custody. CV410-215 doc. 1 at 9 (non-prison address). Nor does he even bother to allege constructive custody. *See, e.g.*, *Weston v. Woodward*, 34 F. App'x 613, 615 (10th Cir. 2002) (petitioner failed to identify specific collateral consequences associated with the state court's holding him in contempt for failure to pay child support, and thus district court lacked habeas jurisdiction, where petitioner was no longer in custody for contempt of court prior to the district court's denial of petition for writ of habeas corpus); *Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir. 1984) (habeas petitioner was not in custody at time that his complaint was filed, and therefore, even if his right to counsel was violated with respect to proceedings on child support arrears, habeas relief was not available, where at time of filing of habeas petition, he was subject only to civil judgment requiring him to pay child support, which did not constitute custody, petitioner's incarceration resulting from civil contempt hearing had ended, and he was not subject

---

[2] The *Harris* injunction spoke of Harris filing "another civil case" but exempted criminal cases, and sometimes habeas cases are thought of as a hybrid of both. *See Harris*, CV410-047, doc. 3 at 3. Uncertain how to file this case, the Clerk understandably opted to open a new case file here, CV410-215, since Harris invoked federal habeas jurisdiction rather than file a plain-vanilla civil action.

2

to parole, probation, bail, or any other indicia of custody pursuant to civil contempt order).³

Nor, finally, does threatened child support enforcement justify federal court intervention. *Bell v. Jones*, 2007 WL 2351267 at *2 (E.D. Tenn. Aug. 14, 2007) (it does not constitute "great and immediate" irreparable injury under *Younger v. Harris*, 401 U.S. 37, 46 (1971)). And Harris himself confirms that he has not exhausted state remedies, doc. 1 at 5 (checking "yes" to question whether he has a petition or appeal now pending in any court, state or federal, as to the judgment under attack), which is required here. *See Bell*, 2007 WL 2351267 at * 1.

Because it plainly appears from the face of the petition that Harris is not entitled to any habeas corpus relief here, his habeas corpus petition must be **DENIED** and this action **DISMISSED**. Rule 4, Rules Governing Section 2254 Cases In The United States District Courts. Nor is a certificate of appealability warranted. 28 U.S.C. § 2253(c); Fed. R.

---

³ Federal courts, for that matter, must also be mindful of mootness issues. *See Puchner v. Kruziki*, 111 F.3d 541, 543 (7th Cir. 1997) (habeas petitioner would not suffer collateral legal consequences, such as ability to engage in certain businesses, to vote, or to serve as juror, as a result of challenged conviction for contempt for failure to pay child support so as to defeat finding of mootness based on fact that he served his sentence prior to appellate review of habeas petition).

App. R 22(b). And any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

The above-noted injunction prohibited Harris from filing any more *in forma pauperis* motions (and civil cases premised on them), but habeas is sometimes thought of a civil/criminal hybrid, so the Court will cut Harris some slack here. Nevertheless, he has been this way before, *Harris v. State of Georgia*, CV408-002, doc. 1 (S.D. Ga. Oct. 31, 2007) (§ 2254 petition against state's child support enforcement effort); doc. 8 (S.D. Ga. Jan. 23, 2008) (dismissal), and repeatedly at that. *Id.* at 1 n. 1.

Harris is forewarned that any further habeas petitions (of any kind) in any way involving child support but *not* reflecting a conviction *and* exhaustion of state-court remedies will be met with contempt sanctions. *See Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (imposing a $500 sanction on a pro se inmate raising frivolous arguments in support of a successive petition for habeas corpus relief, and restricting his ability to make further filings until the fine was paid), applied in *United States v. Hall*, No. CV493-045, doc. 21 (S.D. Ga. Mar. 21, 2010) (imposing $200 sanction against serial habeas filer and instituting "paper-less review" of any future filings); *see also Jackson v.*

*United States*, CV410-165, 2010 WL 3418908 at *1 (S.D. Ga. Aug. 18, 2010), *adopted*, 2010 WL 3418907 (S.D. Ga. Aug. 30, 2010); *Thomas v. Bartow*, 2010 WL 252927 at * 1 (E.D. Wis. Jan.15, 2010) (citing *Alexander*, 121 F.3d at 315, in warning successive § 2254 filer that court would impose pre-filing injunction and monetary sanction).

Accordingly, Lenard Harris's 28 U.S.C. § 2254 petition (doc. 1) should be summarily dismissed, his IFP motion (doc. 2) is **DENIED**, and he should be **ENJOINED** from filing any more habeas petitions in any way involving child support unless and until he can show that he has exhausted all post-conviction, state-court remedies. The Court should also reaffirm that the aforementioned *Harris* injunction encompasses all other civil filings. That means that this case (CV410-215) should be **CLOSED** and this matter, too, should be transferred into MC410-021 (hence, the Clerk should file a copy of this R&R there *now*).

**SO REPORTED AND RECOMMENDED** this  20th  day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA